STATE OF VERMONT

SUPERIOR COURT                          ENVIRONMENTAL DIVISION
Vermont Unit                                Docket No. 37-3-14 Vtec

Warner NOV                                  DECISION ON MOTION

In a decision dated February 2, 2015, this Court responded to a motion for summary judgment filed by Delvin and Nancy Warner (the Warners), asking that this Court overturn a Notice of Violation (NOV) issued by the Town of Morgan Zoning Administrator (ZA). The NOV concerns the Warners property at 70 Buzzell Road West in the Town of Morgan, Vermont (the Town) and the reconstruction of a boathouse on that property by the Warners. The ZA initiated an enforcement action against the Warners for the boathouse's noncompliance with setback requirements as established by the Town of Morgan Zoning Bylaws (Bylaws). In our February 2 Decision, we denied the Warners' motion for summary judgment, finding a dispute as to whether the NOV applies to the reconstructed boathouse itself or the new deck. The Warners now ask this Court to reconsider our February 2, 2015 decision denying their motion for summary judgment.

We consider motions to reconsider an interlocutory order under Rule 54(b) of the Vermont Rules of Civil Procedure (V.R.C.P.). See In re Bennington Wal-Mart Demolition/Constr. Permit, No. 158-10-11 Vtec, slip op. at 4 (Vt. Sup. Ct. Envtl. Div. Aug. 17, 2012) (Walsh, J.). In addressing a motion to reconsider pursuant to Rule 54(b), we apply the legal standard applicable to ruling on a Rule 59(e) motion. Id. It is within the Court's discretion to grant a Rule 59 motion if doing so is necessary to (1) correct manifest errors of law or fact; (2) allow a party to provide "newly discovered or previously unavailable evidence"; (3) "prevent manifest injustice"; or (4) respond to an "intervening change in the controlling law." Lathrop Ltd. P'ship I, Nos. 122-7-04 Vtec, 210-9-08 Vtec, and 136-8-10 Vtec, slip op. at 10–11 (Vt. Super. Ct.

Envtl. Div. Apr. 12, 2011) (Durkin, J.) (quoting 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2810.1).

The Warners make two arguments in support of their motion: first, they allege that the Court erred in relying on the Town's factual summary filed in response to their motion for summary judgment because the Town's factual summary did not satisfy the procedural requirements under Rule 56(c); and second, they allege that the Town's factual summary does not place the material facts in dispute. We agree that there was an error of fact in the Court's February 2 Decision.

In their motion for summary judgment, the Warners offered sworn affidavits supporting the fact that the reconstructed boathouse was built with the same dimensions and within the same footprint as the original boathouse. We noted in our February 2 Decision that the Town failed to dispute facts relevant to the reconstructed boathouse with any affidavit or other record evidence. See V.R.C.P. 56(e)(2) (noting that if the responding party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact," the Court may "consider the fact undisputed for purposes of the motion"). Rather than filing a separate and concise statement of disputed fact with supporting documents, the Selectboard merely recited sections of the Warners' motion and offered unsupported rebuttals of those statements. Viewing the Town's filing in the most favorable light, we correct our error in our February 2 Decision and now do not find a dispute of fact. In doing so, we further note that the Town did not file in response to the Warners' motion for reconsideration. We therefore reconsider the Warners' motion for summary judgment in the context of the following facts, which are undisputed:

1. Delvin and Nancy Warner have owned a boathouse on property located at 70 Buzzell Road West (the Property) in the Town of Morgan's Lakeshore District since 1967.

2. The boathouse was built prior to the Town's adoption of the Zoning Bylaws.

3. As originally built, the boathouse measured 14 feet wide and 22 feet deep. The rear of the boathouse directly abutted the Lake's northern shore and the northwestern side of the boathouse was located within one foot of the property line.

2

4.     The original boathouse had a deck extending 14 feet along the width of the rear façade and approximately 4 feet over the northern shore of Lake Seymore (Lake).

5.     Over time, erosion and ice damage caused the boathouse to shift west of its original foundation such that it extended into the Lake by approximately 10 feet.

6.     Pursuant to Bylaw § 404.03, nonconforming structures "[m]ay be razed and subsequently replaced on the original footprint (or smaller) if [doing so]. . . does not increase the non-conforming structure's degree of non-conformance."

7.     During the summer of 2012, the Warners attempted to move the boathouse from its position in the Lake back to its original foundation.  However, due to the scope of the structural damage caused by the boathouse's lakeward movement, the Warners decided to raze and reconstruct the boathouse.

8.     As reconstructed, the boathouse includes a deck measuring 14 feet along the width of the rear façade, parallel to the Lake's shoreline, and extending 6 feet over the surface of the Lake.

9.     With the exception of the replacement deck, the reconstructed boathouse has the same dimensions and is in the same location as the original boathouse it replaced.

10.    The parties do not agree as to whether a deck was present along the rear lakeward façade of the boathouse immediately prior to this reconstruction.

11.    On September 26, 2012, after reconstruction was complete, the Warners filed an application for the zoning permits for the reconstructed boathouse and deck (Permit 13-16).

12.    On October 4, 2012 the Town's Zoning Administrator denied Permit 13-16 because the reconstructed boathouse violated the front yard setback of 30 feet and the side yard setback of 25 feet, as described in § 204.01 of the Bylaws.

13.    On October 10, 2012 the Warners appealed the denial of Permit 13-16 to the ZBA and separately filed a request for a dimensional waiver for the deck pursuant to Bylaw § 611.  The ZBA denied the appeal on January 7, 2013 pursuant to Bylaw § 404, finding that because it could not determine whether the boathouse was reconstructed on its original foundation and/or increased in volume from the original boathouse, the

3

reconstructed boathouse represented an increase in nonconformance. The ZBA also denied the dimensional waiver, finding that because the deck extends beyond the Property line and over the Lake, it falls under the jurisdiction of the State of Vermont Agency of Natural Resources (ANR).

14. On April 15, 2013, ANR informed the Warners by written notice that they did not require a Shoreland Encroachment Permit for the reconstructed boathouse. ANR explained that because the overall effect of the reconstruction served to reduce the boathouse's encroachment into the Lake by 10 feet, the additional 2 feet of encroachment attributable to the reconstructed deck resulted in an overall reduction of encroachment into the Lake by 8 feet.

15. On February 19, 2014 the ZA issued an NOV for the boathouse as reconstructed. The NOV alleged that the boathouse was at least 6 feet larger than the original structure and therefore did not satisfy the exemption under Bylaw § 404, rendering the boathouse in violation of the front and side yard setback requirements.

16. The Warners appealed the NOV to the ZBA on February 20, 2014. The ZBA declined to consider the Warners' appeal. On March 14, 2014 the Warners' timely appealed that decision to this Court.

## Conclusion

Considering these facts, the Court agrees with the Warners that the deck expansion is immaterial to this matter because the Town concluded that it was without jurisdiction over the deck, and furthermore, it is undisputed that the deck complies with State regulations. While the Court indicated in its February 2 Decision that it was not clear whether the NOV was based on an expansion of the boathouse itself and that the Court believed the facts were in dispute regarding that issue, we now agree with the Warners that the Town has failed to dispute the relevant facts regarding the boathouse. Based primarily on Finding of Fact number 9 above, we conclude that the reconstruction of the boathouse, a pre-existing nonconforming structure, is within the same footprint and is of the same dimensions as the original boathouse. Thus, the reconstructed boathouse is not in violation of the Bylaws. See Town of Morgan Zoning Bylaws § 404.03.

4

For these reasons, we **GRANT** the Warners' motion to alter or amend our February 2, 2015 decision and we **GRANT** their motion for summary judgment and overturn the NOV.

A Judgment Order accompanies this Decision. This completes the current proceedings before this Court.

Electronically signed on May 13, 2015 at 08:56 AM pursuant to V.R.E.F. 7(d).

_____

Thomas G. Walsh, Judge
Superior Court, Environmental Division